**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| VLADIMIR ZVEREV,<br><br>                  Plaintiff,<br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC and UNIFUND CCR LLC,<br><br>                  Defendants. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Vladimir Zverev ("Plaintiff") brings this action on an individual basis, and asserts claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), seeking statutory and other damages against defendants Equifax Information Services, LLC ("Equifax"), and Unifund CCR LLC ("Unifund"), alleging, upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

**FCRA Claims**

1. Defendant Equifax has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, including inaccurate account balance and past due information concerning an account issued to Plaintiff by non-defendant Bank of America, N.A. ("BANA") and a purported Unifund collections account.

2. Plaintiff disputed the reporting in writing, which triggered Equifax's statutory obligation to conduct an investigation, mark the accounts as disputed, and update the reporting as necessary. Equifax, however, failed to meet its obligations under the FCRA.

3. Equifax thus violated the express provisions of the FCRA. Upon receiving a consumer's dispute, credit reporting agencies (such as Equifax) are legally required to conduct a

1

reasonable investigation or reinvestigation into all the circumstances surrounding the disputes and update the reporting as necessary with a notation marking the disputed accounts as disputed.

4. Plaintiff was later denied an extension of credit based on information contained in his Equifax reports, and has been forced to deal with aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

**FDCPA Claims**

5. Plaintiff also asserts an FDCPA claim against defendant Unifund.

6. Equifax sold consumer reports containing inaccurate information concerning a purported Unifund collection account. The purported debt related to the Unifund collection account was originally issued by non-defendant CAPITAL ONE BANK USA N.A. and acquired by Unifund. Such debt arose out of a transaction in which money, property, insurance or services, which were the subject of the transaction, were primarily for personal, family or household purposes, and are "debt" as defined by 15 U.S.C. § 1692a(5).

7. Plaintiff disputed the reporting of the purported Unifund collection account in writing through the channels established by Equifax for disputing consumer credit information. Equifax, in turn, and as required by statute, notified Unifund of Plaintiff's dispute. Nevertheless, Unifund continued to report the disputed information without marking the account as disputed or updating the account as necessary.

8. Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Unifund's misconduct. Unifund's erroneous reporting of disputed information without marking such information as disputed or updating such accounts as necessary on Plaintiff's consumer background reports continues to affect Plaintiff's credit worthiness and credit score. As a result of Unifund's misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, and, because the defendants conduct and continue to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District, the defendants are subject to personal jurisdiction in this District.

## PARTIES

**Plaintiff**

11. Plaintiff is a resident of Miami-Dade County, Florida and qualifies as a "consumer" as defined and protected by both the FCRA and FDCPA.  *See* 15 U.S.C. § 1681a(c); *see also* 15 U.S.C. §1692(a)(3).  Plaintiff is an individual, and not an entity.

**Defendants**

12. Defendant Equifax is a foreign corporation that regularly conducts business in this District.  Equifax qualifies as a "consumer reporting agency" under the FCRA.

13. Defendant Unifund is a debt collection agency that uses the mail, telephone, and facsimile, and regularly engages in business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant Unifund is a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6), and can be served with process upon Corporation Service Company, its registered agent located at 1201 Hays Street, Tallahassee, FL 32301.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

14. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports.  Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that

consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA.  *See* 15 U.S.C. 1681a.

15. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports and set up reasonable procedures to maintain compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute, mark the disputed accounts as disputed, and timely correct any inaccuracies.

16. Plaintiff has a legally protected interest in Equifax fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Equifax Violated the FCRA and Damaged Plaintiff**

17. Equifax has been selling credit reports related to Plaintiff containing inaccurate account balance and past due information concerning accounts issued to Plaintiff by non-defendant BANA, as well as a purported Uniform collections account.

18. On May 5, 2020, Plaintiff disputed the erroneous reporting by submitting a written dispute through Equifax's FCRA compliance division.

19. The receipt of Plaintiff's dispute letter triggered Equifax's obligations to conduct an investigation, mark the accounts as disputed and update the reporting as necessary.

20. Equifax, however, failed to conduct an investigation, mark the accounts as disputed and update the reporting as necessary.

21. Plaintiff was later denied an extension of credit based on information contained in his Equifax report.

22. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

23. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

## COUNT I

**Against Equifax for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

24. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

25. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> *Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.*
>
> 15 U.S.C. §1681e(b) (emphasis added).

26. Upon receiving a consumer's dispute, credit reporting agencies are legally required to conduct an investigation and update the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> *Id.* §1681i(a)(1) (emphasis added)

27. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows:

> ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.
>
> *Id.* §1681i(a)(2) (emphasis added).

5

28. Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports. Although Plaintiff disputed the inaccurate information in writing, Equifax willfully, or at least negligently, failed to perform a reasonable investigation, mark the disputed accounts as disputed and update the accounts as necessary.

29. Equifax's willful and/or negligent failure to follow reasonable policies and procedures to meet its obligations under the FCRA was a direct and proximate cause of Plaintiff's injury.

30. As a result of Equifax's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against Uniform for Violation of the FDCPA, 15 U.S.C. § 1692(e)

31. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

32. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

33. Under 15 U.S.C. § 1692(e), inter alia:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

(Emphasis added).

34. Defendant Uniform received notice from Equifax that Plaintiff disputed the inaccurate account balance information reported on the Uniform account, as required by statute. After receiving notice of Plaintiff's dispute from Equifax, Uniform willfully and/or negligently failed to mark the account as disputed on Plaintiff's reports issued by Equifax and continued to communicate the inaccurate information.

35. Plaintiff has suffered damages as a result of defendant Uniform's misconduct, including, but not limited to, emotional stress, and is entitled to preliminary and permanent injunctive relief, including declaratory relief, and damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

ii. awarding attorneys' fees and costs, and other relief; and

iii. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: October 2, 2020	**COHEN & MIZRAHI LLP**
YOSEF STEINMETZ
FLORIDA BAR NO. 119968

*/s/ Yosef Steinmetz*
YOSEF STEINMETZ

300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
yosef@cml.legal

*Attorneys for Plaintiff*